UNITED STATES DISTRICT COURT
FOR THE EASTERN DIVISION OF KENTUCKY
NORTHERN DIVISION AT COVINGTON

| | |
|---|---|
| ANTHONY J. ALLEN, : | |
|    Plaintiff : | |
| : | Case No. 2:12cv |
| : | |
| : | Judge |
| : | |
| vs. : | Magistrate Judge |
| : | |
| TRIDENT ASSET : | |
| MANAGEMENT, LLC : | |
| 5755 NorthPoint Parkway : | |
| Suite 12 : | |
| Alpharetta, Ga. 30022 : | |
|    Defendant | |

**Complaint Seeking to Impose Individual Liability Under the Fair Debt Collection Practices Act (15 U.S.C.§1692); Statutory & Actual Damages for Deceptive, Unfair, Unconscionable & Abusive Debt Collection Practices Attorney Fees & Jury Demand**

### Claim One
**[FDCPA-unfair debt collection]**

### Jurisdiction

1. This claim is brought pursuant to the Fair Debt Collection Practices Act, 15 U.S.C.§1692, *et seq*. [hereinafter referred to as the "Act"].

2.  This claim is for both statutory and actual damages brought by Plaintiff for Defendant's violations of the Act, which expressly prohibits a debt collector from engaging in unconscionable, deceptive, unfair and abusive debt collection practices.

3.  The jurisdiction of this Court is invoked pursuant to 15 U.S.C. 1692k(d), 28 U.S.C. § 1337. Venue is proper in view of the fact that the majority or all of the events alleged herein took place in Eastern District of Kentucky and within the Covington Division.

## Parties

4.  Plaintiff, **Anthony J. Allen,** [hereinafter referred to as **"Allen"** or **"Plaintiff"**] is, and was at all times relevant herein, a "consumer" as defined in the Act, 15 U.S.C. §1692a(3) and who, at all times referenced herein, was and is a resident of Kenton County, Ky.

5. Defendant, **Trident Asset Management, LLC**, **[hereinafter "Trident" or "defendant"]** is a foreign limited liability corporation which has its principal place of business at 5755 NorthPoint Parkway, Suite 12, Alpharetta, Ga. 30022 but which operates and transacts business throughout the Commonwealth and other jurisdictions and which specializes in the collection of consumer debt and, therefore, is a **"debt collector",** as defined in the Act at 15 U.S.C. **§**1692a.(6).

6. Defendant regularly engages in and transacts business through the use of the United States mails, telephone or other instrumentality of interstate commerce and is subject to the jurisdiction of this Court.

7. The debt in question which is disputed by the plaintiff, if owed, was incurred primarily for family, household or personal use [hereinafter referred to as the "debt"].

### Factual Allegations

8. In either January or early February, 2004 Plaintiff responded to a promotion and trial offer from Columbia House to purchase dvds. Plaintiff could purchase a number of dvds at an extremely low price and, if satisfied, would become a member and be eligible to purchase additional dvds at a reduced price. If not satisfied, Plaintiff could cancel without further obligation. Plaintiff decided to cancel.

9. In spite of the cancellation Columbia House, for some unexplained reason, refused to acknowledge the cancellation and assessed the Plaintiff the full price of the dvds which was $66.

10. Sometime between 2010- 2011 Plaintiff discovered this fact when he obtained his Experian Credit Report and noted that this debt was reported therein by Defendant as a "collection account" "past due".

11. Plaintiff disputed the debt through Experian yet Defendant refused to delete or cease reporting the account with the derogatory information but continued to report only that Plaintiff disputed the debt.

12. Defendant, most recently as May, 2012, is reporting the account as being "opened" in "3/2010" when, in fact, it was never opened. However, if it was, it could not have been opened any later than 2004 (8 ½ years ago).

13. While Plaintiff currently disputes that he is or was ever liable on the account, if it is delinquent and past due as is alleged and reported by the Defendant, it became delinquent in 8 ½ years ago.

14. The Fair Credit Reporting Act [FCRA] prohibits the reporting of any delinquent consumer account more than 7 years from the date of the delinquency.

15. Defendant, by falsely reporting the date of when the account was opened, was attempting to circumvent the 7 year reporting prohibition of the FCRA and, essentially, engaged in the "re-aging" of the account.

16. Defendant is currently reporting the account unlawfully and in violation of the Fair Credit Reporting Act and, consequently, also in violation of the Fair Debt Collection Practices Act [FDCPA].

## Legal Allegations
### [FDCPA]

17. Plaintiff hereby incorporates each and every allegation of paragraphs 1-15 as if fully rewritten herein.

18. Without limiting the scope of any violations which may have been committed by the Defendant, it violated the Fair Debt Collection Practices Act by engaging in the following unfair, deceptive or unconscionable debt collection practices:

> (a) by communicating credit information which is known or which should be known to be false in violation of 15 U.S.C. §1692e(8);
>
> (b) by falsely representing the character, amount or legal status of a debt or the compensation which may be recovered in connection with the collection of a debt in violation of 15 U.S.C. §1692e.(2);
>
> (c) by threatening to take any action that cannot legally be taken or that is not intended to be taken in violation of 15 U.S.C. §1692e.(5); and,
>
> (d) generally using a false representation or deceptive means to collect a debt in violation of 15 U.S.C. §1692e.(10);

19. As such plaintiff is entitled to both statutory and actual damages.

## Prayer for Relief

Plaintiff prays for the following relief:

(A) in claim one plaintiff prays for a judgment against defendant for statutory damages in an amount he is able to prove;

(B) in claim one plaintiff prays for a judgment against defendant for all actual damages which he may be able to prove for loss of sleep, appetite, self esteem and self worth and any additional pecuniary loss he may have suffered;

(C) in claim one for reimbursement of or payment for reasonable attorney fees incurred by counsel for the plaintiff in connection with the successful prosecution of her claim;

(D) in claim one for reimbursement for all costs and expenses incurred in connection with the successful prosecution of this claim;

(E) in all claims for a trial by jury on all appropriate issues; and,

(F) for any and all other relief this Court may deem appropriate

Respectfully submitted by:

**/s/Steven C. Shane**
Steven C. Shane (0041124)
Trial Attorney for Plaintiff
321 Fairfield Ave.
P.O. Box 73067
Bellevue, Ky. 41073
(859) 431-7800
(859) 431-3100 facsimile
shanelaw@fuse.net